USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___2/17/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH J. REID,

       Plaintiff,

   -against-

C.O. SISTI, Transportation Division,

       Defendant.

26-CV-01044 (MMG)

**ORDER OF SERVICE**

MARGARET M. GARNETT, United States District Judge:

Plaintiff, who currently is detained at the Otis Bantum Correctional Center ("OBCC") in the custody of the New York City Department of Correction ("DOC"), brings this action *pro se*. He asserts claims under 42 U.S.C. § 1983 for alleged violations of his constitutional rights arising from an assault on December 12, 2025, on the DOC bus at the OBCC sallyport. By order dated February 6, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1]

## DISCUSSION

### A. Waiver of Service

The Clerk of Court is directed to electronically notify the New York City DOC and the New York City Law Department of this order. The Court requests that Correction Officer Sisti waive service of summons.[2]

### B. Valentin Order

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

[2] Plaintiff also uses the alternative spelling "Stisi" for Defendant.

sufficient information to permit the DOC to identify Correction Officer Sisti (also spelled Stisi), who transported Plaintiff at about 4:00 p.m., on December 12, 2025, from court in Manhattan to OBCC.  It is therefore ordered that, **if service on Defendant cannot be waived**, then the New York City Law Department, which is the attorney for and agent of the DOC, must ascertain the full name and shield number for Defendant and the address where Defendant may be served.[3] The New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the filing of an unexecuted waiver of service.

Within thirty days of receiving this information, Plaintiff must file an amended complaint including the correct name and shield number for Defendant.  The amended complaint will replace, not supplement, the original complaint.  An amended complaint form for Plaintiff to complete after receiving this information is attached to this order.  Once Plaintiff has filed an amended complaint, if necessary, the Court will issue an order asking Defendant to waive service.

## C.    Automatic Discovery

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action.  Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."  Within 120 days of service of the complaint, Defendant must serve responses to these standard discovery requests. In his responses, Defendant must quote each request verbatim.[4]

---

[4] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

**D.      Pro Bono Counsel**

Plaintiff has applied for the court to request counsel.  The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel.  *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986).  Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172.  Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

### CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff.  The Clerk of Court is further directed to electronically notify the New York City DOC and the New York City Law Department of this order.  The Court requests that Defendant Correction Officer Sisti waive service of summons.  If service is not waived, the New York City Law Department is directed to respond to the *Valentin* order.  An "Amended Complaint" form is attached to this order.

Plaintiff's motion for the court to request counsel (Dkt. No. 4) is denied without prejudice to renewal, and the Clerk of Court is directed to terminate the motion.

Local Civil Rule 33.2 applies to this action.

SO ORDERED.

Dated:    February 17, 2026
          New York, New York

_____
MARGARET M. GARNETT
United States District Judge